UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                          v.

ANTONIO BRIGGS, et al.,

                          Defendants.

**Hon. Hugh B. Scott**

10CR184S

**Order**

      This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. 636 (b)(1)(A) and, pursuant to 28 U.S.C. 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. 636(b)(1)(A) (Docket No. 3).

      Before this Court are defendants' omnibus discovery motions (Docket No. 225 (Ard and other defendants' joint motion[1]); Docket Nos. 217 (Cruz), 220 (Beasley), 223 (Dolly), 224 (Hawkins), 227 (Bobby Spencer), 230 (joinder motion of defendant Ainsworth), 232 (joinder motion of Beasley), and 233 (joinder motion of defendant Barton)), as well as motions filed under previous iterations of the Indictment (Docket Nos. 122 (Ard), 117 (Torano Spencer), 107 (Cruz), 106 (Ainsworth), 123 (White), 138 (Walker), 189 (Beasley)), following defendants' motion to bifurcate pretrial motions and to extend time to file further motions (Docket No. 122), which was granted on May 13, 2011 (Docket No. 215). That Order set a further schedule for

---

[1] Joining Ard are Briggs, Torano Spencer, Cruz, McTigue, Dolly, Sidebottom, Johnson, and Walker, Docket No. 225.

filing discovery motions, including motions regarding the manner of the Government's disclosure of electronically stored information and surveillance information raised in the motion to bifurcate. Defendants filed their moving papers (Docket No. 226) and replies (Docket Nos. 259, 260-61, 263 (motions joining in Ard movants' reply)), and the Government responded (Docket Nos. 253, 269). The Government also moved for reciprocal discovery (Docket No. 253, Gov't Response at 51). The motions were argued on August 12, 2011, and deemed submitted as of that date.

This Court enters two Orders on these motions. One Order (Docket No. 291) considers the means by which this discovery, particularly production of the electronically stored information, is to be conducted. The present Order considers the substantive issues of whether, and to what degree, the parties are to produce under the ordinary rules, statutes, and caselaw for criminal discovery pertinent to this case. In particular, these motions seek the following relief: discovery; production under Brady; disclosure under Federal Rules of Evidence 404(b), 608, 609, 803(24), and 807; production of impeachment information; preservation of rough notes; service of Bills of Particulars; furnishing a list of witnesses; expert witness disclosure; production of Jencks Act materials and the timing of that production relative to the trial date; disclosure of Grand Jury minutes; identifying informants; search of the Government agents' personnel files; production of statements of co-conspirators; voir dire of Government's experts.

Some of these motions (voir dire of Government experts, exclusion of non-testifying co-conspirator statements, and motions for severance) are best dealt with by Chief Judge Skretny, the judge with plenary jurisdiction over this case and thus are **deferred for the District Judge's consideration**. This is despite defense arguments that they had not focused on these non-

2

discovery forms of relief in this round of motion practice (see Docket No. 259, Defs. Reply at 22-23). Also motions to suppress various forms of evidence (electronic surveillance material, defendants' statements) (see Docket No. 189) will be considered in a separate Report & Recommendation. For convenience and given the joinder of defendants (including those who have subsequently plead guilty), individual defendants will not be noted for each relief sought.

## BACKGROUND

Defendants are charged with conspiracy to distribute cocaine and cocaine mixture, and with the use of interstate communication facilities to commit a drug felony (Docket No. 202, 3rd Superseding Indict., Counts 1, 2-23). Defendant Will Johnson is also charged with multiple counts of money laundering and engaging in unlawful monetary transactions (id., Counts 26-30).

## DISCUSSION

I.   Discovery

Defendants first seek various items of pretrial discovery. The manner of the production of some of this material is addressed in a separate Order. Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

A.      Defendants' Own Statements

Pursuant to Rule 16(a)(1)(A) and (B), defendants seek any written or oral statements made by the defendants which are within the possession custody or control of the Government, or which through the exercise of due diligence, may become known to the Government.

Rule 16(a)(1)(A) and (B) provide that, upon request, the Government must disclose any written or recorded statements made by a defendant, before or after arrest, in response to interrogation by any person known to the defendant to be a government agent; and recorded testimony of the defendant before the Grand Jury which relates to the offense charged.[2]  Failure of the Government to disclose a defendant's statements to a Government agent may rise to the level of constitutional due process violation, Clewis v. Texas, 386 U.S. 707 (1967).

In this case, the Government has represented that it believes that it has already disclosed all statements made by the defendants, but will not produce statements of uncharged co-conspirators since that request goes beyond the scope of Rule 16(a)(1) (Docket No. 253, Gov't Response at 4, 5).  To the extent that the Government has not yet done so, pursuant to Rule 16 (a)(1)(A) and (B), the Government is hereby **directed to produce** all such statements made by the defendants.

B.      Documents and Tangible Objects

Pursuant to Rule 16(a)(1)(E), defendants also seek production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of

---

[2]Rule 16(a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by Government witnesses or prospective Government witnesses except as provided in 18 U.S.C. § 3500, the Jencks Act.

the government. Defendants identify several specific categories of items which they seek to be produced.

The Government's response to these specific requests is that the search warrant return, photographs, and reports have been produced in voluntary discovery (Docket No. 253, Gov't Response at 12).

    C.    Examinations and Test Reports

Pursuant to Rule 16(a)(1)(F), defendants next have requested the production of the results of any physical or mental examinations or scientific tests, including but not limited to any such tests regarding the cocaine or firearms referenced in the Indictment. The Government has responded that these reports were (and continue to be) produced in voluntary discovery (Docket No. 253, Gov't Response at 8; Docket No. 269, Gov't Atty. Aff. ¶ 2, Ex. A).

The Court assumes that the Government's production has satisfied the defendants' requests in this regard.

    D.    Rule 12(b)(4) Request

Pursuant to Rule 12(b)(4), defendants request that the Government give notice of its intention to use at trial any evidence which is discoverable under Rule 16. Such notice, under the rules, avoids the necessity of a defendant having to move to suppress evidence which the government does not intend to use. The Government claims that it has provided notice to defendants (Docket No. 253, Gov't Response at 12). This request is deemed **moot**.

II.    Brady Material

Defendants next have requested that the Government disclose all materials potentially favorable to the defendant, including information to be used for the impeachment of the

Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

Defense motions identify numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which he seeks to obtain. The Government's response is that it believes that it has and agrees to continue to comply with its obligations to provide potentially exculpatory information to defendants (Docket No. 253, Gov't Response at 27).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided," United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for each defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

III.  Federal Rules of Evidence 404(b), 608, 609, 803(24) and 807 Materials

    A.  Rule 404(b)

Defendants request disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). They also request disclosure of all evidence of prior bad acts that the Government intends to use for impeachment of the defendant should he testify at trial, pursuant to Rules 608(b) and 609(a).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government has represented that it will provide all such material (including information under Rules 607 and 608) to defendants at the time of the pretrial conference in this case (Docket No. 253, Gov't Response at 31). This **is sufficient** in this case.

    B.  Rules 803, 807

Defendants seek disclosure of any hearsay evidence intended to be introduced by the Government at trial. The Government states that it currently does not intend to introduce such evidence, but, if it does, it will make necessary disclosures (id. at 17). There is no legal or factual

basis requiring disclosure of such material in this case, see Green, supra, 144 F.R.D. at 638. Thus, this request is **denied**.

IV.     Preservation of Rough Notes and Evidence

Defendants have also requested preservation of rough notes and other evidence taken by law enforcement agents involved. The Government has agreed to preserve all items of evidence (Docket No. 253, Gov't Response at 42). This **suffices**.

V.      Bills of Particulars

Defendants next move for Bills of Particulars and the Government responds objecting to such particularization given the allegations in the Indictment and discovery furnished to date (Docket No. 253, Gov't Response at 33-41).

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Technically, a Bill of Particulars is an amplification of the pleadings and not discovery. Defendants reply to their motion that, pursuant to the Court's instruction regarding the order matters would be considered, addressed only discovery motions first and not the motion for Bills of Particulars (Docket No. 259, Defs' Reply at 22-23).

Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. United States v. Torres, 901 F.2d 205 (2d Cir. 1990); see United States v. Persico, 621 F. Supp. 842, 868 (S.D.N.Y. 1985) (citing Won Tai v. United States, 273 U.S. 77, 82 (1927)). The Government is not obligated to "preview its case or expose its legal theory," United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed,"

United States v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases. United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

Given production of electronically stored information called for in this case (see Docket No. 291), the Court will **defer decision** on defense motions for Bills of Particulars.

VI. List of Witnesses

Next, defendants move for present disclosure of a list of Government witnesses. Rule 16 does not require the Government to disclose the names of witnesses prior to trial, United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990) (see Docket No. 253, Gov't Response at 16). Defendants' request is **denied** at this time.

VII. Expert Disclosure

Pursuant to Rule 16(a)(1)(G), defendants seek a written summary of any expert testimony that the Government intends to use in its direct case, along with the expert's qualifications, and the basis for the expert's opinion, whether or not the expert files a report. The Government intends to produce the credentials and methods of its experts (Docket No. 253, Gov't Response at 32-33).

The timing of this expert disclosure **shall be set forth by the District Judge**.

VIII. Jencks Act

Defendants seek disclosure of material subject to the Jencks Act not less than forty-eight hours prior to trial, 18 U.S.C. § 3500. Ard further contends that Rule 26.2 supersedes the Jencks Act (Docket No. 226, Ard Defs. Memo. at 22-23). One court, however, found that Rule 26.2 was virtually identical to the Jencks Act and was designed to incorporate that act into the criminal

rules, United States v. Bobadilla-Lopez, 954 F.2d 519, 532 n.15 (9th Cir. 1992); see also Fed. R. Crim. P. 16(a)(2) (cited at note 1, supra).  Thus, Rule 26.2 does not supersede the Jencks Act.

The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses.  Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until after the witness has testified at trial.  In this case, the Government has agreed to disclose this information at the time set by the District Judge (Docket No. 253, Gov't Response at 29-30).  Therefore, Jencks Act disclosure **should occur pursuant to the pretrial Order schedule**; defendants **have not established** that prior disclosure of Jencks material is essential to the preparation of a defense in this case.

IX.     Grand Jury Minutes

Defendants next seek disclosure of Grand Jury transcripts.  Beasley seeks these transcripts to complete her motion to dismiss the Indictment for lack of probable cause as to her (Docket No. 189, Beasley Atty. Affirm. at 16).  Defendants also contest whether the same Grand Jury rendered the Superseding Indictments (Docket No. 259, Defs' Reply at 7).  They also seek the instructions given to the Grand Jury (id.).  The Government concludes that defendants have not successfully challenged the presumed regularity of Grand Jury proceedings here and have not shown particularized need for production of the Grand Jury minutes (Docket No. 253, Gov't Response at 9-11).

Under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), this Court may authorize the disclosure of a Grand Jury matter at the request of the defense who shows that a ground may exist to dismiss the Indictment because of a matter that occurred before the Grand Jury.  The Court may authorize this disclosure "at a time, in a manner, and subject to any other conditions

that it directs," id.  Defendants had to show that they have a particularized need for disclosure that outweighs the Government's interest in maintaining Grand Jury secrecy, United States v. Alexander, 860 F.2d 508, 513 (2d Cir. 1988); see United States v. Twersky, No. S2 92 Cr. 1082, 1994 U.S. Dist. LEXIS 8744, at *14-16 (S.D.N.Y. June 29, 1994) (granting in camera review of Grand Jury minutes and reserving decision on motion to dismiss Indictment).  A defendant must state a particularized need for these transcripts "in order to present a vigorous defense" which outweighs the principle of Grand Jury secrecy, Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959).  There are occasions "when the trial judge may in the exercise of his discretion order the minutes of a grand jury witness produced for use on his cross-examination at trial.  Certainly 'disclosure is wholly proper where the ends of justice require it,'" Pittsburgh Plate Glass, supra, 360 U.S. at 400 (quoting United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 234 (1940)).  The burden is upon the defendant to show a particularized need exists that outweighs the policy of Grand Jury secrecy, id.  Particularized need includes impeachment of witness at trial, refresh recollection, and testing witness credibility, United States v. Proctor & Gamble Co., 356 U.S. 677, 683 (1958).  "A review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct," Torres, supra, 901 F.2d at 233, and (even if disclosed) "as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants," Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988); Torres, supra, 901 F.2d at 233.

    As was held in the Pittsburgh Plate Glass case, supra, 360 U.S. at 400, defendants have not made a showing of particularized need, but cf. Dennis v. United States, 384 U.S. 855, 872-73 (1966) (Court found that defense did not fail to make out a particularized need, listing the

circumstances of particularized need).  Merely stating the desire to make a vigorous defense in general, to assert the absence of probable cause (as Beasley does here, in effect to challenge the sufficiency of evidence before the Grand Jury), see United States v. Nunez, No. 00 CR 121, 2001 U.S. Dist. LEXIS 883, at *29-31 (S.D.N.Y. Feb. 1, 2001), or the lack of particularization in the Indictment or even that different Grand Jury panels rendered Superseding Indictments, cf. United States v. Hill, S No. 88 Cr. 154, 1989 U.S. Dist. LEXIS 2791, at *2 (S.D.N.Y. Mar. 20, 1989) (superseding indictment rendered by second Grand Jury after reviewing minutes of first Grand Jury), does not show a particular need for a given portion of the Grand Jury testimony (such as specify which witness's testimony is necessary for that vigorous defense) or show whether that Grand Jury testimony is needed for impeachment, refreshing recollection or testing credibility.  Regarding the instructions given to the Grand Jury, even if it was improperly instructed, that error is not a basis for the defense obtaining the Grand Jury minutes, Nunez, supra, 2001 U.S. Dist. LEXIS 883, at *29-31 (Docket No. 253, Gov't Response at 11), since (absent a showing of prejudice to defendants due to the error) errors in Grand Jury proceedings alone are not a basis for dismissal of an Indictment, Bank of Nova Scotia, supra, 487 U.S. at 254.

    The motion on this ground is **denied**.

X.    Identity of Informants

    Defendants next seek the pre-trial disclosure of the identity of any informants in this case.  The Government objects to identifying its confidential informants at this time (Docket No. 253, Gov't Response at 24-27).  The Government is not required to furnish the identities of informants unless it is essential to the defense.  Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.), cert. denied, 489 U.S. 1089 (1988).

Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial, Bejasa, supra, 904 F.2d at 139.

Defendants have not established that the pre-trial disclosure of the identities of any informants is essential to their respective defenses. This request is **denied**.

XI.  Search of Government Agents' Files

Torano Spencer and Walker each move to search agents' personnel files (Docket Nos. 117, 138). As to this request, the Government states that it will review personnel files consistent with Justice Department policy and disclose materials in an appropriate situation or (if necessary) submit these files to the Court for in camera review (Docket No. 253, Gov't Response at 17). The Government **is directed** to review these files to determine if Brady or Jencks material is present and treat such responsive information, if any, as Brady or Jencks material (as appropriate) and disclosed accordingly.

XII.  Statements of Co-Conspirators.

Defendants have also requested production of all statements of any co-conspirator, whether charged or uncharged. This request is **denied**. It is well established that the statements of co-conspirators are not discoverable under Rule 16(a). In re United States, 834 F.2d 283, 286 (2d Cir. 1987); United States v. Percevault, 490 F.2d. 126 (2d Cir. 1974); Green supra, 144 F.R.D. at 638. The Jencks Act provides the exclusive procedure for discovering statements that government witnesses have given to law enforcement agencies. United States v. Covello, 410 F.2d 536, 543 (2d. Cir.), cert. denied, 396 U.S. 879 (1969).

XIII.    Government's Request for Reciprocal Discovery

In its initial and supplemental responses, the Government sought reciprocal discovery from defendant (Docket No. 253, Gov't Response at 51). Defendants note in their reply that they had not yet responded to the Government's request for reciprocal discovery since they focused their attention to (pursuant to this Court's instruction) their own discovery motions (Docket No. 259, Defs. Jt. Reply at 23).

Under Rule 16, the Government is entitled to production of documents in a defendant's possession that the defendants intend to use in their respective cases-in-chief. Given that defendants have yet to respond to this motion, they have **thirty (30) days** from the entry of this Order to file their formal response to this reciprocal request.

XIV.    Defendants' Suppression Motions

Some of the defendants moved to suppress pieces of evidence, or joined generally in other defendants' motions which included suppression motions. At a minimum, the motions to suppress statements by Ainsworth (Docket No. 106) and Beasley (Docket No. 189) each require a suppression hearing. This Court will defer rendering a Report & Recommendation on those dispositive motions until those suppression hearings are held. These hearings were be scheduled by separate Orders.

XV.     Beasley's Motion to Dismiss Indictment

Finally, Beasley moved to dismiss the Second Superseding Indictment[3] (Docket No. 189) on the lack of probable cause as to her. The Court presumes that Beasley renews this motion under the Third Superseding Indictment (Docket No. 202), which did not change the allegations

---

[3]Docket No. 142.

in Count 1 as to Beasley. The Government has not responded to this motion, responding instead to the discovery motions then pending (cf. Docket Nos. 253, 190, 197; Docket No. 220 (Beasley's discovery motion)).

As with the Government's motion for reciprocal discovery, the Government shall respond to Beasley's motion to dismiss the Indictment within **thirty (30) days** of entry of this Order.

## CONCLUSION

For the reasons stated above, defendants' motions (Docket Nos. 225 (Ard and other defendants' joint motion); Docket Nos. 217 (Cruz), 220 (Beasley), 223 (Dolly), 224 (Hawkins), 227 (Spencer), 230 (joinder motion of defendant Ainsworth), 232 (joinder motion of Beasley), and 233 (joinder motion of defendant Barton)), as well as motions filed under previous iterations of the Indictment (Docket Nos. 122 (Ard), 117 (Torano Spencer), 107 (Cruz), 106 (Ainsworth), 123 (White), 138 (Walker), 189 (Beasley)) is **granted in part, denied in part** as discussed above.

Defendants' suppression motions (Docket Nos. 106, 117, 189, 223) will be considered following suppression hearings on the motions of Ainsworth and Beasley, and other such hearings that may be required.

Parties are to respond to outstanding motions (including the Government's motion for reciprocal discovery, Docket No. 253, Gov't Response at 51, and Beasley's motion to dismiss the Indictment, Docket No. 189) within **thirty (30) days** of entry of this Order.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 9, 2011