UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                            **Hon. Hugh B. Scott**

                              v.                            10CR184S

                                                            **Order**

ANTONIO BRIGGS, et al.,

                              Defendants.

Before the Court is defendants' motion (filed by counsel for defendant James Dolly) for a clarifying Order regarding allowing "attorneys' eyes only" review of certain discovery that had been produced in redacted form previously (Docket No. 426) and the Government's cross-motion (Docket No. 429) for a protective Order regarding that very production.  Previously, this Court had ordered the Government to produce, unredacted, certain wiretap and warrant applications and Orders (Docket No. 362) and denied reconsideration of that Order (Docket No. 405) on the Government's motion (Docket No. 376).  In the second Order, this Court allowed disclosure of the unredacted material but, in order "to meet the Government's safety concern, disclosure of this material is to be **attorney's eyes only**" (Docket No. 405, Order at 6, emphasis in original). Familiarity with these Orders is presumed.

At a status conference on June 5, 2012, counsel for Dolly stated his intention to file the pending motion to clarify what the Court intended for production of these items.  The Government offered to produce these items for inspection by counsel only in the offices of the United States Attorney (Docket No. 426, Dolly Atty. Aff. ¶ 6) and some counsel found this site

to be unsatisfactory, objecting to inspection at the U.S. Attorney's office (id. ¶¶ 7-8).  Defense

counsel complain that they could not inspect the items in the U.S. Attorney's office and

"subsequently be able to intelligently attack, by motion, the wiretap orders and search warrants

which were issued" (id. ¶ 10).  One defense counsel complained that the Government's

interpretation was counter to current practice (id. ¶ 9).  Defendants want the materials in their

offices, some even wanting the Orders produced in a particular readable format (id. ¶¶ 11-12, 12

n.1, 17-18), namely that defendants want the documents produced "in PDF format, produced

directly from high resolution (at least 300 dpi) scans of the originals, with Optical Character

Recognition; or else directly generated PDF files, generated from the original documents, in the

same manner as PDF's for ECF filing providing separate scans of any original signature pages"

(id. ¶ 18).

      Dolly attaches as exhibits affidavits from Will Johnson's mother, his former attorney in

this case, and from Johnson (Docket No. 426, Ex. A), denying the allegation of the Government

that his and Briggs' family members had met and compared information about possible

informants in this action (cf. Docket No. 376, Gov't Response at 5-6).  Dolly concludes that the

"attorneys' eyes only" restriction is unnecessary since Johnson's family never reviewed discovery

in this case and argues that the Government proffered unreliable information (Docket No. 426,

Dolly Atty. Aff. ¶ 15; cf. Docket No. 342, Gov't Response of Dec. 5, 2011, at 4 n.4).

      The Government, in its cross-motion, states that it offered, in April 25, 2012, to produce

the unredacted documents for inspection at the U.S. Attorney's office without objection by

defendants (Docket No. 429, Gov't Atty. Aff. ¶ 2, Ex. A).  Later, defendants voiced objections to

conducting inspections in the U.S. Attorney's Office (id. ¶ 3).  To resolve this issue, the

Government initially proposed a protective Order to balance security issues if not released to

defense counsel by inspection (id. ¶ 4).  It argues that a protective Order limiting the manner of

distribution of copies of these documents to counsel in the event "attorneys' eyes only" did not

mean merely providing inspection of documents at the U.S. Attorney's office (Docket No. 429,

Gov't Atty. Aff. ¶ 6).  The proposed Order (id., Ex. B) would not allow defendants themselves to

review the produced documents, without disclosure to the public or third parties, and subsequent

use of these items only if submitted under seal.  The Government urges this Court not revisit the

"attorney's eyes only" determination since defendants had not appealed from that Order (id. ¶ 6).

     If directed to produce, the Government stated its willingness to produce a disc of Bates

stamped documents with its contents having been processed with Optical Character Recognition

(Docket No. 429, Gov't Atty. Aff. ¶ 6 n.1).

     Dolly's motion was due by June 12, 2012, and any Government response was due by

June 19, 2012, and that matter would be deemed submitted as of June 19, 2012 (text minute

entry, June 5, 2012).  In response to Dolly's motion (Docket No. 426), the Government cross-

moved for a protective Order (Docket No. 429).

DISCUSSION

I.    "Attorneys' Eyes Only"

     As noted by the Government (Docket No. 429, Gov't Atty. Aff. ¶ 5), Federal Rule of

Criminal Procedure 16(d)(1) gives this Court the discretion to limit or otherwise regulate

discovery in criminal cases.  The precise issue here is the site for the inspection of formerly

redacted warrant applications and wiretap Orders.  The restriction for "attorney's eyes only,"

3

which this Court **retains**, was not to describe where and when defense counsel could see these items.

II.     Manner of Production

    A.     Protective Order

Regarding the manner of production of these unredacted documents, the Government will produce them to defendants, hence Dolly's motion (Docket No. 426) is **granted in part**.  But the Government's alternative motion for entry of a protective Order (Docket No. 429, Gov't Atty. Aff. ¶ 6) if it were ordered to produce these documents is also **granted**; this production is to be subject to the terms of the protective Order submitted by the Government (Docket No. 429, Ex. B).  The Government is to submit to the Chambers of the undersigned a word processing copy of the protective Order for this Court's signature and filing.

    B.     Form of Disclosure

Defendants finally seek specific methods for reproducing the documents (Docket No. 426, Dolly Atty. Aff. ¶ 18).  Government's offer to reproduce the documents on a disc processed with Optical Character Recognition (Docket No. 429, Gov't Atty. Aff. ¶ 6 n.1) should **suffice**; no further specification as to the form of this disclosure is ordered.

CONCLUSION

For the reasons stated above, defendant Dolly's motion (Docket No. 426) for an Order is **granted in part**, by the terms stated herein; the Government's cross-motion for a protective Order (Docket No. 429) is **granted in part, denied in part**.  The Government is to produce, subject to a protective Order as proposed by the Government (Docket No. 429, Ex. B), the

unredacted documents.  The Government is to e-mail to Chambers a word processing version of that protective Order for electronic signature and filing by this Court.

     So Ordered.

/s/ Hugh B. Scott

Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
     July 9, 2012